**Lin Lin ZHENG, Petitioner,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent.**

**Docket No. 03–40701.**

United States Court of Appeals, Second Circuit.

Aug. 26, 2005.

Gary J. Yerman, New York, N.Y. (On submission), for Petitioner.

James A. Brown, Assistant United States Attorney, for Eric F. Melgren, United States Attorney for the District of Kansas, Topeka, KS (On submission), for Respondent.

Present: CALABRESI, RAGGI, Circuit Judges, and MURTHA, District Judge.*

## SUMMARY ORDER

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, at Foley Square, in the City of New York, on the 26th day of August, two thousand and five.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the petition for review is **DENIED.**

Petitioner Lin Lin Zheng ("Zheng"), a citizen of the People's Republic of China, petitions for review of a September 17, 2003 decision by the Board of Immigration Appeals ("BIA") affirming the May 2002 decision of an Immigration Judge ("IJ") denying Zheng's application for political asylum and withholding of removal under the Immigration and Nationality Act of 1952, *see* 8 U.S.C. §§ 1158(a), 1231(b)(3).[1] We assume that the parties are familiar with the facts, the procedural history, and the scope of the issues presented in the petition for review.

When reviewing asylum claims, "[w]e review the factual findings underlying the [IJ's] determinations under the substantial evidence standard, reversing only if no reasonable fact-finder could have failed to find that petitioner suffered past persecution or had a well-founded fear of future persecution or torture." *Ramsameachire v. Ashcroft*, 357 F.3d 169, 177 (2d Cir.2004) (internal quotation marks omitted); *see also Secaida–Rosales v. INS*, 331 F.3d 297, 305 (2d Cir.2003) (noting that when the BIA summarily affirms the IJ's decision, we review the decision of the IJ directly).

Zheng, in support of her contention that the IJ's adverse credibility determination was erroneous, makes a number of arguments, not all of which are without merit. In particular, the IJ's conclusion that Zheng's story of her father's work-related injury was implausible was dubious to say the least. But the IJ also independently relied on 1) the fact that key elements of Zheng's testimonial account of Chinese authorities' alleged threat and attempt to arrest her were not included in Zheng's otherwise detailed asylum application; 2) material inconsistencies between Zheng's testimony and two letters submitted by her mother; and 3) indications, in particular in Zheng's mother's letters, that Zheng's departure from China was motivated by financial reasons rather than by fear of persecution. Because these findings provide substantial evidence for the IJ's adverse credibility determination, we

---

* The Honorable J. Garvan Murtha, United States District Judge for the District of Vermont, sitting by designation.

1. Zheng also, in the proceedings below, requested withholding of removal pursuant to the Convention Against Torture ("CAT"), Dec. 10, 1984, S. Treaty Doc. No. 100–20 (1988), 1465 U.N.T.S. 85; 8 C.F.R. § 208.16, which relief was denied by the IJ and the BIA. Because her petition for review makes no mention of the CAT as a basis for relief, we deem that claim to be abandoned.

see no basis for granting the petition for review.

We have considered all of Zheng's claims and find them to be unavailing. The petition for review is therefore **DENIED.**